WEGNER, Appellant, vs. SHEBOYGAN-ELKHART LAKE RAILWAY & ELECTRIC COMPANY and others, Respondents.

*February 11—May 4, 1920.*

*Corporations: Action to foreclose trust deed on property of corporation: Parties to action: Right of bondholders in property: Costs: Refusal of trustee to act: Sale of mortgaged property by corporation: Assumption of mortgage debt by grantee: Merger of corporations: Appeal: Judgment proper except as to costs.*

1. In an action by a bondholder to foreclose a trust deed given by the defendant corporation to secure payment of its bonds, other holders of the bonds secured by the same trust deed were properly made parties to the action.
2. The evidence in this case is *held* not to show that a corporation to which the defendant corporation transferred its property assumed, in consideration of such transfer, the payment of all defendant's debts, including the obligation evidenced by such bonds.
3. Where the corporation mortgagor had transferred the mortgaged property to another corporation, the court properly directed that the property be sold unless the defendants pay into court the ascertained value thereof, and that the proceeds of the sale, or the money deposited in lieu of such sale, after the payment of costs and expenses, be paid to the bondholders to apply on their respective judgments against the debtor corporation in the proportion that the bonds owned by each bears to the total amount of bonds outstanding.
4. Where a bondholder was required to bring the foreclosure action because of the trustee's refusal to do so, he was entitled to recover his costs and disbursements, notwithstanding his claims that other bondholders had no right to recover in such action and that certain property was covered by the lien were denied.
5. Where plaintiff was not awarded costs and disbursements, though entitled thereto, and where the amount of his costs and disbursements has not been ascertained, the judgment, though otherwise correct, will be reversed and the cause remanded to the circuit court with directions to permit plaintiff to have his costs and disbursements taxed and allowed and inserted in the judgment in his favor.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

The action was referred to Francis Williams on an order to hear, try, and determine the issues raised by the pleadings and report his findings to the circuit court.

The complaint alleges, in substance, that the defendant *Sheboygan-Elkhart Lake Railway & Electric Company,* on April 1, 1904, executed 800 bonds for the sum of $1,000 each, bearing interest at the rate of five per cent. per annum, payable semi-annually; that, in order to secure payment of the principal and interest of the bonds, the *Sheboygan-Elk-hart Lake Railway & Electric Company* made, executed, and delivered to the First Trust and Savings Bank of the city of Chicago its deed of trust covering and conveying all the property, real, personal, and mixed, then owned by the said company, as well as all of such properties it might thereafter acquire, including its franchise and all of its rights, then owned or thereafter acquired; that the *Sheboy-gan-Elkhart Lake Railway & Electric Company* caused 500 of said bonds, numbered from 1 to 500 inclusive, to be authenticated by the certificate of the First Trust and Savings Bank; that plaintiff is the owner of ten of the bonds, numbered from 60 to 70; that the First Trust and Savings Bank refused to pay the interest on these bonds when presented by him for payment; that by reason of the *Sheboy-gan-Elkhart Lake Railway & Electric Company's* refusal and neglect to pay the interest on the bonds, plaintiff now declares the principal due and payable; that the ten bonds owned by plaintiff are now the only outstanding bonds, the other 490 certified bonds being now in the possession of the *Sheboygan-Elkhart Lake Railway & Electric Company.*

Plaintiff further alleges that he applied to the trustee in said trust deed to institute proceedings for his relief, and that the trustee deemed it preferable for the plaintiff to proceed in his own name and therefore refused to institute proceedings; that subsequent to April 1, 1904, and after the delivery and sale of bonds to plaintiff the *Sheboygan-Elk-hart Lake Railway & Electric Company* sold and trans-

ferred all of its real, personal, and mixed property, together with the income thereof, to the defendant the *Milwaukee & Fox River Valley Railway Company,* subject, however, to any rights, equities, and priorities existing by virtue of the trust deed; that the Wisconsin Trust Company claims to have a lien and interest in said property as trustee, but that its lien is subsequent and subordinate to the lien of the trust deed above described, which was given to secure the bonds in question which the plaintiff seeks to collect in this action. The complaint alleges, in addition, that there is due and owing to the plaintiff unpaid the principal sum of $10,000, with interest thereon from April 1, 1904, according to the tenor and effect of the bond. Plaintiff asks that the amount and value of the property of the *Sheboygan-Elkhart Lake Railway & Electric Company* transferred to the *Milwaukee & Fox River Valley Railway Company* be ascertained, and that the *Milwaukee & Fox River Valley Railway Company* be required to pay to the *Sheboygan-Elkhart Lake Railway & Electric Company* all income from said property, which sum, when so ascertained, be applied to the payment of the interest accruing and maturing upon the bonds of plaintiff; that all of the property of the *Milwaukee & Fox River Valley Railway Company* which is in any way being used in connection with any of the property of the *Sheboygan-Elkhart Lake Railway & Electric Company* be declared to be subject to the liens of the trust deed herein set forth; that the *Milwaukee & Fox River Valley Railway Company* be required to execute other deeds of conveyance of all of its franchises and property as additional security under the terms of the trust deed securing the bonds of the plaintiff; that the trust deed of the plaintiff be declared to be the first, prior, and binding lien upon all of the franchises and property of the *Milwaukee & Fox River Valley Railway Company;* that an account be taken between the *Sheboygan-Elkhart Lake Railway & Electric Company* and the *Milwaukee & Fox River Valley Railway Company;*

that the *Milwaukee & Fox River Valley Railway Company* be ordered to pay to the *Sheboygan-Elkhart Lake Railway & Electric Company* whatever shall be found due said company upon such an accounting, this sum to be applied upon payment of the debt due plaintiff; that an accounting be had between plaintiff and the *Sheboygan-Elkhart Lake Railway & Electric Company* and said company decreed to pay what is owing to the plaintiff; that a receiver be appointed of the *Milwaukee & Fox River Valley Railway Company* and the *Sheboygan-Elkhart Lake Railway & Electric Company* pending the hearing of this case and until further order of the court.

The answers of the defendants are, in brief, as follows:

The *Sheboygan-Elkhart Lake Railway & Electric Company* alleges that the bonds of which plaintiff claims ownership were delivered to his assignor, *P. P. Brickbauer,* in May, 1904, as collateral security for a claim which the assignor might then have against the *Sheboygan Company;* that more than six years have elapsed since the bonds were delivered to *P. P. Brickbauer,* and that *Brickbauer* has made no claim against the *Sheboygan-Elkhart Lake Railway & Electric Company,* and is therefore barred by sec. 4222, Stats.; that plaintiff knew no interest has been paid on the bonds since the alleged purchase of the bonds by plaintiff from *Brickbauer;* that at the time of the purchase of the bonds by plaintiff from *Brickbauer* plaintiff knew that the *Sheboygan-Elkhart Lake Railway & Electric Company* had not sold, transferred, or conveyed its property to the *Milwaukee & Fox River Valley Railway Company,* and that ninety of the authorized issue of 500 bonds had been issued and were then outstanding as a debt against the *Sheboygan-Elkhart Lake Railway & Electric Company;* that prior to the commencement of this action the plaintiff neglected to request of the trustee that the action be brought by said trustee, and neglected to tender the trustee an indemnity bond for the bringing of the action. The *Sheboygan-Elk-*

*hart Lake Railway & Electric Company* also denies that plaintiff is the *bona fide* owner of the bonds, and alleges that *P. P. Brickbauer* is a necessary party to this action.

*John Dassow* filed an answer alleging that for the past three years he has held and now holds in his possession sixty-nine bonds of the *Sheboygan-Elkhart Lake Railway & Electric Company,* which are now held by him as collateral security for the payment of moneys advanced to that company which is now due and unpaid, and that no proceedings have been had or taken to redeem the bonds held by him. He also prays that his rights in this action be ascertained and protected by the court.

*George Brickbauer* answers that he is in possession of forty-nine bonds issued by the *Sheboygan-Elkhart Lake Railway & Electric Company* and delivered to him as collateral security for money furnished and services rendered by him to the company, and that no part of them has been paid. He denies that the plaintiff is now or ever was the owner of the bonds mentioned in the complaint.

The issues thus formed by the pleadings were referred to Francis Williams, court commissioner, to hear, try, and determine. The court commissioner found, in substance:

That the *Sheboygan-Elkhart Lake Railway & Electric Company* and the *Milwaukee & Fox River Valley Railway Company* are corporations duly organized under the laws of this state; that the *Sheboygan-Elkhart Lake Railway & Electric Company* on April 1, 1904, executed 800 bonds, with interest-bearing coupons attached to each of the bonds, being for the sum of $1,000 with interest at the rate of five per cent., payable semi-annually, the bonds maturing on April 1, 1934, with option on the part of the holders to declare the whole amount due upon failure to pay any instalment of interest due thereon; that the bonds were secured by a deed of trust to the First Trust and Savings Bank of Chicago of all the property, real, personal, and mixed, then owned by the *Sheboygan-Elkhart Lake Rail-*

*way & Electric Company,* as well as all of the same which
it acquired immediately thereafter, together with the rents,
issues, and profits thereof, including franchises and rights
then owned or thereafter acquired; that this deed of trust
was duly recorded and 500 of the bonds, from 1 to 500 in
number, authenticated by the certificate of the First Trust
and Savings Bank of Chicago and delivered to the *Sheboy-
gan-Elkhart Lake Railway & Electric Company;* that the
latter company sold and delivered eleven of said bonds to
*Peter Brickbauer;* that *Peter Brickbauer* sold and delivered
the said eleven bonds to *Albert H. Wegner* with coupons
attached thereto, numbered from 61 to 69, inclusive, and
numbers 129 and 130, upon which no part of the principal
or interest has ever been paid; that the *Sheboygan-Elkhart
Lake Railway & Electric Company* failed and refused to
pay interest upon the bonds, and that plaintiff declared the
principal sum of the bonds due and payable in accordance
with the terms of the bonds and the trust deed securing the
same; that the following bonds were outstanding against
the *Sheboygan-Elkhart Lake Railway & Electric Company*
at the time the property of the company was transferred to
the *Milwaukee & Fox River Valley Railway Company,* no
part of the interest or principal of which had ever been paid:
forty-nine bonds to *George Brickbauer,* sixty-eight to the
Dairyman's National Bank of Sheboygan Falls, which
sixty-eight bonds were afterwards assigned to *John Dassow,*
present owner of the same; that shortly after April 19, 1904,
*George Brickbauer* was elected president of the *Sheboygan-
Elkhart Lake Railway & Electric Company;* that in Novem-
ber, 1908, *George Brickbauer* and others caused to be in-
corporated the *Milwaukee & Fox River Valley Railway
Company* with an authorized capital of $25,000 divided into
250 shares of the par value of $100 a share; that *George
Brickbauer* subscribed for 120 shares of the capital stock of
the company and that other persons subscribed for seventeen
shares; that *George Brickbauer* was thereafter elected presi-

dent of the *Milwaukee & Fox River Valley Railway Company*. The referee found, in addition, that the *Milwaukee & Fox River Valley Company* thereafter acquired the property of the *Sheboygan-Elkhart Lake Railway & Electric Company;* that the *Milwaukee & Fox River Valley Railway Company* shortly after its organization increased its capital stock from 250 shares to 750 shares; that *George Brickbauer* thereupon subscribed for 255 shares of such increase and thereafter controlled all of the issued stock of said company excepting five shares which were held by the other directors of the company; that on December 5, 1907, the *Milwaukee & Fox River Valley Railway Company* authorized a bond issue of $200,000 to be secured by a trust deed of all the property of the company, which trust deed was signed and delivered to the Wisconsin Trust Company of Milwaukee, the bonds being duly authenticated by said trustee; that when the plaintiff requested the trustee mentioned in the trust deed authenticating the bonds of the *Sheboygan-Elkhart Lake Railway & Electric Company* to start action against said company because of its default of payment of the interest of the bonds, it refused, and plaintiff is therefore entitled to maintain this action and to foreclose the trust deed described in the complaint; that there is due the plaintiff, *Albert H. Wegner,* the sum of $11,000 and interest at six per cent. from October 1, 1904, and there is due the defendant *George Brickbauer* $49,000 with interest at six per cent. from October 1, 1904; that there is due the Dairyman's National Bank, its successors and assigns, $68,000 with interest at six per cent. from October 1, 1904; that the fair and reasonable value of the property of the *Sheboygan-Elkhart Lake Railway & Electric Company* turned over to the *Milwaukee & Fox River Valley Railway Company* is $1,125.

As a conclusion of law the referee found that the indebtedness upon the bonds and trust deed found to be due the plaintiff, the defendant *George Brickbauer,* and the

Dairyman's National Bank should be declared to be a lien upon the real property of the *Milwaukee & Fox River Valley Railway Company* to the amount of $1,125, which lien shall be prior to any lien originating against the property subsequent to the recording of the trust deed, and that to satisfy this lien a sale of the property should be ordered and directed unless the *Milwaukee & Fox River Valley Railway Company* pays such amount into court before the sale.

The trial court modified the findings of the referee by finding that, if the property upon which the judgment becomes a lien shall be sold thereunder, the sheriff shall thereupon pay from the proceeds of the sale the legal expenses of the sale and the costs of the action which are taxed and included in the judgment, with interest, and shall then pay the balance of the proceeds into court; that out of said proceeds then remaining in his hands the clerk shall pay to the plaintiff 11-128 thereof; that the residue of the proceeds shall be retained by the clerk for further order of the court for payment thereof to the persons entitled thereto; that if before the sale any of the defendants shall pay into court the sum of $1,125, together with interest from and after the date of the judgment, and thereby prevent such sale, the clerk shall pay 11-128 of the sum remaining after costs as taxed in the judgment, with interest, have been deducted. The court denied costs to the plaintiff.

Judgment was rendered in favor of the appellant and the respondents *George Brickbauer* and the estate of *John Dassow* for the amount of the principal and interest due on the bonds respectively held by each of them, and adjudged the entire bonded indebtedness to be a prior lien upon all the property of the respondent the *Milwaukee & Fox River Valley Railway Company* to the amount and value of $1,125, and that such lien is prior and paramount to any right, claim, or interest of the defendant the *Milwaukee & Fox River Valley Railway Company.*

This is an appeal from such judgment.

*J. W. Wegner* of Milwaukee, for the appellant.

For the respondents there was a brief by *D. T. Phalen* and *A. C. Prescott,* both of Sheboygan, and oral argument by *Mr. Prescott.*

The following opinion was filed March 9, 1920:

SIEBECKER, J.    The action is brought to foreclose the trust deed given to secure payment of the bonds of the *Sheboygan-Elkhart Lake Railway & Electric Company* and to charge the property of the *Milwaukee & Fox River Valley Railway Company* with the debts of the former company, upon the grounds that the latter company acquired the property of the former under an arrangement between the companies whereby the latter assumed and is in equity obligated to pay the debts of the former.    An accounting is demanded to establish the amount of the alleged liability of the latter company to the former under the facts of the case, and it is demanded that foreclosure be decreed of this trust deed and the judgment be made effective against the latter company and that its property be subjected to the claims of the plaintiff and that he be awarded appropriate relief to enforce satisfaction of his judgment against the companies.

It is contended that the court erred in ordering that *Brickbauer* and *Dassow,* who claimed to own bonds secured by the trust deed sought to be foreclosed by the plaintiff, be made parties defendant.  These persons were interested as bondholders under the same security by which plaintiff is secured, and their rights and security as such bondholders are involved and will be affected by this litigation.   Their right to relief upon their bonds and their interests thus involved are appropriate subjects for inquiry and determination in connection with those of the plaintiff.   It is considered that the court properly made them parties to the action for the purpose of a complete determination of the rights of all the parties to the property involved in this foreclosure action.

It is strenuously contended that the court erred in omitting to find that the *Sheboygan-Elkhart Lake Railway & Electric Company* went out of existence and practically became merged in the *Milwaukee & Fox River Valley Railway Company,* and that the latter company thereby became answerable for all the liabilities of the former, including the bonded indebtedness involved in this action. An examination of the record fails to disclose facts showing that the old company went out of existence or that it became consolidated or merged with the new company. These companies maintained an independent existence and no steps were taken to effect a merger of the old company with the new one. There are no facts shown which indicate that the new company is a successor corporation within the equitable principle relied upon by the plaintiff. The facts are plain that whatever property of the old company was transferred to the new company was pursuant to authority conferred by each of the companies on their officers to negotiate for a sale and a transfer of the properties from the one to the other. This result the court and referee found as a fact, and the evidence sustains this conclusion. It is claimed and urged that the sale and transfer of the property of the old company to the new company was upon the condition that the new company pay all of the debts of the old company, including the old company's indebtedness evidenced by its bonds, which had been issued and sold by it for a valuable consideration. The documentary evidence adduced to show that each company passed resolutions to effectuate a sale and transfer of all the property of the old company to the new company upon the condition that such transfer carried with it the obligation by the new company to pay all of the old company's indebtedness, is not clear upon this point. The terms of the various resolutions, when applied to the transactions involved, in the light of the rights, interests, and title the old company had in and to the properties affected thereby, show that the parties had no express under-

standing or agreement to the effect that the new company was to assume and obligate itself to pay all of the old company's indebtedness. The claim that the new company assumed such obligation is also negatived by the facts showing that the old company had no title to a considerable portion of the property which the old company claims was so transferred.

Much of its acquired right of way which it is claimed was so transferred had become forfeited, as was its franchise for occupying the streets of Plymouth, which the plaintiff now claims constitutes a very substantial part of the consideration upon which the bond issue here involved was based. We are persuaded, upon study of the facts and circumstances disclosed by the record, that the referee and trial court are sustained in their conclusion that the transactions between the officers of the two companies pertaining to the transfers of property from the old company to the new company do not establish an agreement to the effect that the new company assumed, in consideration of the sale and transfer of the old company's property, to pay all of the old company's debts, including the obligation evidenced by the bonds involved in this litigation. The referee's findings of fact as modified and supplemented by the trial court cannot be held to be against the clear preponderance of the evidence on this issue, and they must be affirmed.

It is considered that the court correctly adjudicated and declared the rights of *Dassow* and *George Brickbauer* as owners of the bonds secured by the trust deed in question and properly awarded them judgment for recovery of such part of the surplus as may remain of the $1,125 to be applied in satisfaction of the judgment as their proportionate ownership of the outstanding bonds bears to that amount.

It is contended that the court grievously erred in finding the value of the property of the new company acquired by purchase from the old company. The evidence on this sub-

ject is voluminous, involving many items and numerous transactions, and cannot be repeated here. An attentive and exhaustive examination of it has led us to the conclusion that the values found by the referee are amply sustained by the evidence and cannot be disturbed.

An exception is urged to the court's ruling denying plaintiff recovery of his costs and disbursements. The trial court held that, since the plaintiff's claims in the trial court to the effect that neither *Dassow* nor *George Brickbauer* was entitled to any relief in the action his claim of the value of the property sold and transferred from the old company to the new company was grossly in excess of the actual value as found by the referee, and, his claim to a lien on all the new company's property not being well founded, constituted good grounds to deny him recovery of his costs and disbursements. This ruling of the trial court omits consideration of the necessity of plaintiff's prosecuting the action to obtain the enforcement of his rights and claims to the extent awarded him. His complaint presents a substantial and legitimate basis for prosecuting this action, and it appears his rights were denied him and that he was compelled to enforce them through this litigation. Under these circumstances we consider that the trial court erred in exercising its discretion on plaintiff's rights to recover his costs and disbursements in this action. It is considered that plaintiff is entitled to recover them.

The amount of plaintiff's costs and disbursements has not been ascertained, hence the judgment must be reversed and the cause remanded to the circuit court with direction to permit the plaintiff to have his costs and disbursements taxed and allowed and inserted in the judgment in his favor. In all other respects the judgment is correct, and the court is directed to award the same relief to the parties to the action as is awarded in the judgment appealed from, except that the plaintiff recover his costs and disbursements.

*By the Court.*—The judgment is reversed, and the cause remanded to the circuit court with direction to award judgment as indicated in the opinion.

A motion for a rehearing was denied, with $25 costs, on May 4, 1920.